IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GIRARD STREET INVESTMENT HOLDINGS LLC**<br>    Maples Corporate Services Limited,<br>    PO Box 309, Ugland House,<br>    Grand Cayman, KY1-1104,<br>    Cayman Islands<br><br>                Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF TREASURY and U.S. DEPARTMENT OF STATE,**<br><br>                Defendants. | Case No.   1:25-cv-212 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Girard Street Investment Holdings LLC brings this suit against Defendants the U.S. Department of Treasury ("Treasury") and the U.S. Department of State ("State") and states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for declaratory, injunctive, and other appropriate relief.

2. Through FOIA, Plaintiff seeks documents from State and Treasury, both of which play a role in developing and enforcing sanctions to protect United States' interests, related to sanctions implemented against the Government of Venezuela, its state-owned enterprises, and specific individuals responsible for the current state of unrest in the country.

**PARTIES**

3. Plaintiff Girard Street Investment Holdings LLC is a Limited Liability Company incorporated under the laws of the Cayman Islands, with its principal place of business in

Connecticut and a registered office of Maples Corporate Services Limited, PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. The sole member of Girard Street is Gramercy Venezuela Opportunity Fund II, an Exempted Company incorporated under the laws of the Cayman Islands, with its principal place of business in Connecticut.

4. Defendants Treasury and State are agencies within the meaning of 5 U.S.C. § 552(f)(1). Defendants have possession and control of records requested by Plaintiff.

## JURISDICTION AND VENUE

5. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

**U.S. Sanctions on Venezuela**

7. Treasury's Office of Foreign Assets Control (OFAC) is responsible for "administer[ing] and enforc[ing] economic and trade sanctions against targeted foreign jurisdictions and regimes, as well as individuals and entities engaging in harmful activity." *See Basic Information on OFAC and Sanctions*, U.S. Department of Treasury, https://ofac.treasury.gov/faqs/topic/1501#:~:text=OFAC%20sanctions%20take%20various%20forms,sectors%20of%20a%20country's%20economy.

8. State's Office of Economic Sanctions Policy and Implementation (EB/TFS/SPI) "is responsible for developing and implementing foreign policy-related sanctions adopted to counter threats to national security posed by particular activities and countries." *See Economic*

*Sanctions Programs*, U.S. Dep't of State, https://www.state.gov/economic-sanctions-programs/.

9. For the past decade, Venezuela has been in a state of unrest. This has prompted the United States to declare a national emergency and issue sanctions against Venezuelan entities and individuals associated with the Government of Venezuela.

10. Specifically, on March 8, 2015, then-President Barack Obama issued Executive Order 13692, which found "that the situation in Venezuela, including the Government of Venezuela's erosion of human rights guarantees, persecution of political opponents, curtailment of press freedoms, use of violence and human rights violations and abuses in response to antigovernment protests, and arbitrary arrest and detention of antigovernment protestors, as well as the exacerbating presence of significant public corruption, constitutes an unusual and extraordinary threat to the national security and foreign policy of the United States." As such, it embargoed certain individuals in power in Venezuela. *See* E.O. 13692, Blocking Property and Suspending Entry of Certain Persons Contributing to the Situation in Venezuela (March 08, 2015).

11. During his first term, President Donald J. Trump issued six Executive Orders imposing additional sanctions to block the property of the Government of Venezuela, and persons involved in the unrest. *See* E.O. 13808, Imposing Additional Sanctions with Respect to the Situation in Venezuela (August 24, 2017); E.O. 13827, Taking Additional Steps to Address the Situation in Venezuela (March 19, 2018); E.O. 13835, Prohibiting Certain Additional Transactions with Respect to Venezuela (May 21, 2018); E.O. 13850, Blocking Property of Additional Persons Contributing to the Situation in Venezuela (November 01, 2018); E.O. 13857, Taking Additional Steps to Address the National Emergency With Respect to Venezuela

(January 25, 2019); Executive Order 13884, Blocking Property of the Government of Venezuela (August 05, 2019).

**The OFAC Request**

12. On November 12, 2024, Plaintiff submitted a FOIA request to Treasury, seeking the following:

> 1. Documents containing factual information collected and reviewed by the Office of Foreign Assets Control ("OFAC") in connection with implementing the sanctions related to Executive Orders ("E.O.") 13692, 13808, 13827, 13835, 13850, 13857, and 13884.
>
> 2. Statements of policy and interpretation regarding E.O. 13692, 13808, 13827, 13835, 13850, 13857, and 13884 that were not published in the federal register.
>
> 3. Documents containing factual information collected and reviewed by OFAC in connection with implementing OFAC's Venezuela Sanctions Regulations at 31 CFR part 591.
>
> 4. Statements of policy and interpretation regarding OFAC's Venezuela Sanctions Regulations at 31 CFR part 591 that were not published in the federal register.
>
> 5. Documents containing factual information collected and reviewed by OFAC in connection with implementing any other U.S. sanctions on Venezuela.
>
> 6. Documents containing factual information collected and reviewed by OFAC in connection with any response to a reconsideration petition related to U.S. sanctions on Venezuela.
>
> 7. Documents containing factual information collected and reviewed by OFAC in connection with designating the following individuals and entities as Specially Designated Nationals and Blocked Persons under E.O. 13850: Raul Antonio Gorrin Belisario on January 8, 2019; Petroleos de Venezuela, S.A. on January 28, 2019; Evrofinance Mosnarbank on March 11, 2019; Banco Central de Venezuela on April 17, 2019; Cubametales on July 3, 2019; and Rosneft Trading S.A. on February 18, 2020.
>
> 8. Documents containing factual information collected and reviewed by OFAC in connection with designating the following individuals and entities as Specially Designated Nationals and Blocked Persons under E.O. 13692: Simon Alejandro Zerpa Delgado and Carlos Erik Malpica Flores on July 26, 2017; Rodolfo Clemente Marco Torres on January 5, 2018; Diosdado Cabello Rondón and José David Cabello Rondón on May 18, 2018; Manuel Salvador Quevedo Fernandez on February 15, 2019; Iliana Josefa Ruzza Terán on April 17, 2019.

A true and correct copy of the request is attached hereto as Exhibit 1 ("OFAC Request").

13. On November 12, 2024, Plaintiff received a request acknowledgement assigning the request case number 2025-FOIA-00533. A true and correct copy of this correspondence is attached hereto as Exhibit 2.

14. On November 15, 2024, Treasury contacted the undersigned and stated the request "has been assigned to the Office of Foreign Assets Control (OFAC)." A true and correct copy of this correspondence is attached hereto as Exhibit 3.

15. On November 18, 2024, OFAC FOIA emailed on behalf of Treasury and asked for availability for a call that week, and noted the new reference number for the request was 2025-OF-00030. A true and correct copy of this correspondence is attached hereto as Exhibit 4.

16. The undersigned, along with counsel for Plaintiff in separate litigation, discussed the OFAC Request with an OFAC representative during a phone call on November 20, 2024. During the call, OFAC asked that Plaintiff provide the agency search terms and custodians for parts 1-6 of the OFAC Request. Additionally, the parties agreed that with regard to parts 7 and 8 of the request, Plaintiff sought the designation packages for the specific individuals and entities who have been sanctioned in the Executive Orders. *See generally id.*

17. The OFAC representative stated that for the designation packages, Treasury would have to consult with other agencies and could only release the packages in their entirety once processing was complete. He stated this would likely mean delay in processing the designation packages; however, he stated that if any designation packages had been previously processed and released in response to other FOIA requests, OFAC may be able to expedite release of these packages. *Id.*

18. Upon information and belief, many of these designation packages have likely previously been requested through FOIA. The individuals and entities listed in parts 7 and 8 of the OFAC Request were sanctioned years ago – some close to ten years ago – and any reasoning regarding why they were sanctioned as part of the U.S. embargoes on Venezuela would be of significant interest to many U.S. individuals and companies who previously conducted business with these individuals and entities.

19. On November 27, 2024, Treasury sent Plaintiff correspondence acknowledging the OFAC Request and memorializing the November 20 call. Treasury also notified Plaintiff that the OFAC Request "require[s] a search in and/or consultation with another Office," and, as a result, the request "falls within 'unusual circumstances'" of FOIA such that DOJ "need[s] to extend the time limit to respond to [Plaintiff's] request beyond the ten additional days provided by the statute." A true and correct copy of Treasury's letter is attached hereto as Exhibit 5.

20. On November 27, 2024, Plaintiff provided proposed search parameters for parts 1-6 of the OFAC Request, and asked that Treasury move forward with determining if any designation packages have already been processed for release to other FOIA requests, and could be produced soon. *See* Ex. 4.

21. On December 6, 2024, the undersigned followed up regarding the search terms and processing. OFAC FOIA scheduled another call for December 12, 2024. *See id*.

22. During the call, the OFAC representative asked that Plaintiff provide date ranges for the searches, and Plaintiff provided the date ranges the following day. *Id.* A true and correct copy of the latest list of search terms and date ranges, which the undersigned provided on December 13, 2024, is attached hereto as Exhibit 6.

23. The OFAC representative stated during the call that he would discuss with the custodians and follow up with any additional insight. He also stated he had not yet identified whether any designation packages had been produced, and he would get back to Plaintiff the following week.

24. On December 18 and 20, 2024, the undersigned followed up regarding the search parameters and designation packages. Treasury did not respond. *See* Ex. 4.

25. To date, Treasury has not produced any records responsive to the OFAC Request.

26. To date, Treasury has not provided a determination regarding what records it will produce in response to the OFAC Request.

27. To date, Treasury has not provided a timetable for the production of any records in response to the OFAC Request.

**The State Request**

28. On November 12, 2024, Plaintiff submitted a FOIA request to State, seeking the following:

   1. Documents containing factual information collected and reviewed by the Department of State ("DoS") in connection with drafting, issuing, and implementing Executive Orders ("E.O.") 13692, 13808, 13827, 13835, 13850, 13857, and 13884.

   2. Statements of policy and interpretation regarding E.O. 13692, 13808, 13827, 13835, 13850, 13857, and 13884 that were not published in the federal register.

   3. Documents containing factual information collected and reviewed by DoS in connection with any response to a reconsideration petition related to E.O. 13692, 13808, 13827, 13835, 13850, 13857, and 13884.

A true and correct copy of the request is attached hereto as Exhibit 7 ("State Request").

29. On December 3, 2024, State sent an email acknowledgement, which provided reference number F-2025-03259 for the request. State also stated it "will not be able to respond

within the 20 days provided by the statute due to 'unusual circumstances,'" including "the need to search for and collect requested records from other Department offices or Foreign Service posts." A true and correct copy of this correspondence is attached hereto as Exhibit 8.

30. On December 10, 2024, State asked for a date range to be applied to the records search, and stated the request would be on hold until this date range was supplied. Plaintiff provided a date range the following day. A true and correct copy of this correspondence is attached hereto as Exhibit 9.

31. On January 2, 2025, State provided notice that the State Request was no longer on hold and would be processed. A true and correct copy of this correspondence is attached hereto as Exhibit 10.

32. To date, State has not produced any records responsive to the State Request.

33. To date, State has not provided a determination regarding what records it will produce in response to the State Request.

34. To date, State has not provided a timetable for the production of any records in response to the State Request.

## CLAIM FOR RELIEF

### COUNT I
### Declaratory and Injunctive Relief:
### Constructive Denial in Violation of FOIA, 5 U.S.C. § 552

1. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

2. FOIA provides this Court with "jurisdiction to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

3. The withheld records that Plaintiffs seeks, which are the subject of the OFAC Request and State Request, are in the agencies' control.

4. Treasury and State received the requests on November 12, 2024. *See* Exs. 1, 7.

5. Pursuant to FOIA, Treasury and State were required to make and communicate to Plaintiff a "determination" on its request no later than December 12, 2024. 5 U.S.C. § 552(a)(6)(A)(ii).

6. Even with the ten additional working days that FOIA provides for agencies to respond in "unusual circumstances," 5 U.S.C. § 552(a)(6)(B)(i), State and Treasury were required to make and communicate to Plaintiff a "determination" on the requests no later than December 27, 2024.

7. To date, neither State nor Treasury have made and communicated to Plaintiff a "determination" on the requests within the meaning of 5 U.S.C. § 552(a)(6)(A)(ii).

8. State and Treasury have instead failed to respond to the requests, and thus constructively denied them.

9. Neither State nor Treasury have cited any basis under FOIA for withholding, in whole or in part, the records that Plaintiff has requested.

10. Plaintiff requests a declaratory judgment that State and Treasury have violated FOIA and that Plaintiff is entitled to immediately receive the requested records.

11. Plaintiff further requests that, pursuant to 5 U.S.C. § 552(a)(4)(B), the Court issue an injunction directing State and Treasury to produce the requested records in full and setting a deadline for compliance.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

9

A. Declare State and Treasury's failure to provide responsive records unlawful under FOIA;

B. Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing State and Treasury to make the requested records available to Plaintiff without further delay, and setting a deadline for compliance;

C. Provide for expeditious proceedings in this action;

D. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant such other and further relief as the Court may deem just and proper.

Dated: January 24, 2025

Respectfully submitted,

BALLARD SPAHR LLP

*/s/Chad R. Bowman*
Chad R. Bowman (#484150)
Lauren P. Russell (#1697195)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
russelll@ballardspahr.com

*Counsel for Plaintiff Girard Street Investment Holdings LLC*